UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KRISTY SPANN,** | ) |
| | ) **CASE NUMBER:** |
| Plaintiff, | ) |
| | ) **Judge:** |
| v. | ) |
| | ) **Magistrate Judge:** |
| **TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTIONS** | ) **JURY DEMAND** |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Kristy Spann ("Spann"), by counsel, against Defendant, Tennessee Department of Corrections ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.;* the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.;* the Tennessee Disability Act ("TDA") Tenn. Code Ann. § 8-50-103; and the Tennessee Human Rights Act ("THRA") Tenn. Code Ann. § 4-21-101.

### II. PARTIES

2. Spann is a resident of Humphreys County, Tennessee, and resided within the geographical boundaries of the Middle District of Tennessee during her employment with Defendant, located in Hickman County.

3. Defendant is a governmental entity, headquartered in Davidson County, within the geographical boundaries of the Middle District of Tennessee at all times relevant to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. §12117(a).

5. Defendant is an "employer" as that term is defined by the ADA 42 U.S.C. §12111(5), Title VII 42 U.S.C. §2000e(b), the TDA, and the THRA.

6. Spann was an "employee" as that term is defined by the ADA 42 U.S.C. §12111(4), Title VII 42 U.S.C. §2000e(f), the TDA, and the THRA.

7. Spann is disabled within the meaning of the ADA and TDA.

8. Spann satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (Charge Number: 490-2024-02757) against Defendant alleging disability discrimination and sex discrimination as well as retaliation under Title VII. Spann received her Notice of Right to Sue and timely filed this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this court.

10. Spann's state law claims arise from the same common nucleus of operative facts as her federal law claims, and all of her claims form a single case and controversy under Article III of the United States Constitution.

## IV. FACTUAL ALLEGATIONS

11. Spann began working for Defendant in May 2022 as an Administrative Assistant 2.

12. At all relevant times, Spann met or exceeded Defendant's legitimate performance expectations.

13. Spann has been diagnosed with an anxiety disorder; she takes medication and sees a therapist for treatment.

14. Spann made Defendant aware of her diagnosis after being hired. Spann could perform all of the essential functions of her initial position.

15. After being hired, the Defendant began preparing for an upcoming audit; Defendant gave the additional duties and title of PREA Compliance Manager to Spann.

16. On or around June 1, 2022, Spann informed her direct supervisor, Brad Cotham, Associate Warden of Treatment, that she did not feel properly trained to be on her own so soon for the PREA position. Associate Warden assured Spann that she would receive the training she needed.

17. In the Summer of 2023, Spann informed Defendant that she was having trouble with increased anxiety from the added workload and demands of the PREA Compliance Managerial duties as well as from conflict between her and the Auditor, Deborah Dawson. Spann requested that Associate Warden be the point of contact for the Auditor. Defendant refused to make the requested change.

18. Spann's request for a reasonable accommodation for her disability constitutes a protected activity.

19. In October of 2023, Spann met with the Warden, Chris Brun, and asked for additional guidance and clarifications as this was her first experience with an audit. Spann again

discussed her increased anxiety and difficulty dealing with the Auditor. Defendant took no action.

20. Throughout October 2023 to January 2024, Spann received hundreds of emails and lengthy phone calls from the Auditor, further increasing her anxiety. Spann asked the Warden for guidance or an accommodation for her anxiety; Defendant again took no action.

21. During this time, Spann was required to do reviews of prison conditions alone for the Audit as a part of a team of 7 individuals where Spann was the only female.

22. On several occasions, Spann was subjected to inappropriate sexual harassment by inmates while doing reviews alone.

23. Spann reported these events to Defendant, which constitutes a protected activity. No action was taken, and Spann was still required to do the reviews alone.

24. On December 21, 2023, the Associate Warden praised Spann's work in an email and stated, "This is fantastic. You did an amazing job and should be very proud of this. I'm proud of you and thankful you are over PREA."

25. On or about January 8, 2024, Spann requested to meet with the Warden again to make him aware of the difficulties she was facing regarding the audit; the Warden did not respond to her request and instead directed Spann to put all other work aside and focus solely on the audit.

26. On or about January 8, 2024, Spann requested additional instructions in email form to clarify what tasks she should prioritize regarding the audit and her other job duties.

27. In January of 2024, Spann met with the Associate Warden and informed him again of her increased anxiety due to the addition of the Compliance Manager duties.

28. On January 9, Spann had a meeting with the Warden and the Associate Warden to discuss Spann's ongoing conflicts with Auditor Dawson. Defendant again took no action.

29. On or about January 9, 2024, Defendant stripped Spann of all duties for PREA Compliance Manager and Administrative Assistant 2 and told Spann to pack her belongings and report within two hours to a security post on the compound at the prison library where Spann was to work as the Library Supervisor until further notice, or instead, use leave for the remainder of the week.

30. Defendant informed Spann this job transfer was due to her mental health condition. The reason given for Spann's change of duties is pretext for discrimination and/or retaliation.

31. The job in the library which Spann was transferred to was not an administrative position like the one Spann was originally hired to do. Instead, it was a position which required Spann to monitor and interact directly with inmates. The reason given for Spann's change of duties is pretext for discrimination and/or retaliation.

32. On January 11, 2024, Spann made a written complaint alleging discrimination and retaliation from Defendant, which constitutes a protected activity.

33. On January 22, 2024, Spann reported to her duties at the library. At the end of the day, Spann received an email directing her to report to Records on January 24, 2024.

34. On January 23, 2024, Spann had a doctor's appointment. At the instruction of her doctor, due to the condition of her mental health, Spann took a week of leave work from January 23 to 30, 2024. Spann provided a doctor's note upon her return.

35. On January 31, 2024, Spann reported to Records as instructed where the Warden then issued Spann a written warning regarding performance and conduct issues such as

inefficiency, incompetency, negligence, and insubordination. The reasons given for Spann's written warning were pretext for discrimination and/or retaliation. Spann refused to sign and asked for the warning to be removed from her file.

36. Due to the unknown status of her job moving forward, illegal discrimination and retaliation, and other conditions she was subjected to, Spann was constructively discharged and forced to resign on February 2, 2024.

37. Soon after her departure, Spann applied for over a dozen open positions within the Tennessee Department of Corrections in various counties and has not received any offers.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF ADA & TDA - DISABILITY DISCRIMINATION

38. Spann hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if the same were set forth at length herein.

39. Defendant violated Spann's rights as protected by ADA and TDA by discriminating against her because of her perceived or actual disability. Defendant subjected her to disparate treatment because of her real or perceived disability.

40. Defendant did not engage in an interactive process with Spann to find a suitable, reasonable accommodation for Spann's disability that would allow Spann to perform her job effectively and/or Defendant denied Spann a reasonable accommodation.

41. Defendant demoted Spann to a different position because of her perceived or actual disability.

42. Spann was constructively discharged from her employment with the Defendant due to her disabilities.

43. Defendant's actions were willful, intentional, and done with reckless disregard for Spann's civil rights as protected by the ADA and TDA.

44. Spann has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF TITLE VII & THRA - GENDER DISCRIMINATION

45. Spann hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46. Spann has faced disparate treatment in the workplace because of her gender - female. She was treated less favorably than her male coworkers.

47. Defendant discriminated against, harassed, demoted, and constructively discharged due to her gender.

48. Defendant's unlawful actions were intentional, willful, and in reckless disregard of Spann's rights as protected by Title VII and the THRA.

49. Spann suffered and continues suffering damages as a result of Defendant's unlawful actions.

### COUNT III: VIOLATION OF TITLE VII & THRA - RETALIATION

50. Spann hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint as if the same were set forth at length herein.

51. Spann engaged in a protected activity when she reported to Defendant inappropriate sexual harassment by inmates while doing reviews of prison conditions alone as the only female.

52. Spann's complaint was not addressed, and no action was taken.

53. Defendant retaliated against Spann by transferring/demoting Spann to a different position and constructively discharging her from her employment.

54. Defendant's actions were willful, intentional, and done with reckless disregard for Spann's civil rights as protected by Title VII of the Civil Rights Act of 1964 and THRA.

55. Spann has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT IV: VIOLATION OF ADA & TDA– DISABILITY RETALIATION

56. Spann hereby incorporates paragraphs one (1) through fifty-five (55) of her Complaint as if the same were set forth at length herein.

57. Spann engaged in a protected activity when she asked Defendant for as a reasonable accommodation for her disability and when she made a written complaint after being transferred/demoted to a different position.

58. Spann's complaint was not addressed, no action was taken, and she was constructively discharged.

59. Defendant's actions were willful, intentional, and done with reckless disregard for Spann's civil rights as protected by the ADA and the TDA.

60. Spann has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kristy Spann, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Injunctive relief preventing the Defendant from discriminating against any employee based on their gender and/or disability;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Reinstatement to her former position with concomitant pay, benefits, and seniority or front pay in lieu thereof;

5. Compensatory damages including payment for mental, emotional, and physical distress;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

/s/*Rachel Ringer*_____
Rachel Ringer, Attorney No. 041951
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
rringer@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Kristy Spann, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

/s/*Rachel Ringer*
Rachel Ringer, Attorney No. 041951
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:   (615) 783-2171
Facsimile:    (812) 424-1005
rringer@bdlegal.com
kfb@bdlegal.com

*Attorneys for Plaintiff*